UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAP SOO, HAN, #A 087-936-842,<br>    *Petitioner*, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION H-11-00350 |
| ERIC HOLDER, JR.,<br>    *Respondent*. | §<br>§<br>§ | |

**Order**

Pending before the court is respondent Eric Holder, Jr.'s motion to dismiss, or alternatively, motion for summary judgment pursuant to 8 U.S.C. § 1231(a) and 8 C.F.R. § 241.4. Dkt. 10. After careful consideration of the pleading, the motion, and the applicable law, the court GRANTS the motion to dismiss and DISMISSES this habeas petition for failure to state a cognizable federal habeas claim.

**I. BACKGROUND**

Petitioner Cap Soo, Han (#A 087-936-842) is presently in the custody of the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), awaiting his removal from the United States after having been detained by ICE for over six months. Dkt. 10. Petitioner has filed this *pro se* 28 U.S.C. § 2241 habeas corpus petition challenging his continued detention by ICE under *Zadvydas*. *Zadvydas v. Davis*, 533 U.S. 678, 688, 121 S. Ct. 2491 (2001); Dkt. 1.

Petitioner, a native and citizen of the Republic of Korea (South Korea), was admitted to the United States as a nonimmigrant student pursuant to an F-1 visa in 2001. Dkt. 10. Petitioner was convicted for assault and taken into DHS custody in January 2010. *Id*. Following the immigration judge's removal order in February 2010, Petitioner's appeal to the Board of Immigration Appeals

(BIA) was dismissed. *Id*. The BIA entered a final order of removal. *Id*. After the issuance of this final order of removal, Petitioner refused to fill out an application for a travel document required by Korean Consulate and requested a travel document not be issued on his behalf. *Id.* Due to his failure to cooperate in his removal, DHS issued six Notices of Failure to Comply and continued the detention. *Id.* On March 14, 2011, the Supreme Court of United States denied Petitioner's request for a stay of removal and extended the removal period. *Id*.

Respondent now files a motion to dismiss, or alternatively, motion for summary judgment, based on an alleged failure to state a claim upon which relief can be granted and on a lack of administrative exhaustion. Dkt. 10. Petitioner has not responded to the motion to dismiss. The failure to respond will be taken as a representation of no opposition. S. D. TEX. LOC. R. 7.4. The court, therefore, deems the motion unopposed. *Id.*

## II. ANALYSIS

Because Petitioner challenges his continued detention, rather than the validity of his removal order, the court has jurisdiction to consider his claim. *Gul v. Rozos*, 163 F. App'x 317, 319 (5th Cir. 2006). Respondent moves for dismissal pursuant to 12(b)(6) of Federal Rule of Civil Procedure. FED. R. CIV. P. 12(b)(6); *Aschroft v. Iqbal*, ___ U.S.___, 129 S. Ct. 1937, 1949 (2009). In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In order to survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, 127 S. Ct. 1955 (2007). Motions to dismiss brought under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) are subject to the same standard of review. *Benton v. Unites States*, 960 F.2d 19, 21 (5th Cir. 1992). However, the party with the burden of proof is different. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The movant bears the burden of proof on a 12(b)(6) motion, whereas the party asserting subject matter jurisdiction bears the burden on a 12(b)(1) motion. *Id*.

The *Zadvydas* court created a burden-shifting scheme for establishing whether continued detention beyond six months is reasonable. *Id*. Under this scheme, only after "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" must the government respond with evidence sufficient to rebut that showing. *Id*. at 701-02. Generally, the government must facilitate removal within a 90-day removal period following entry of the final order of removal. 8 U.S.C. § 1231(a) (2011). ICE cannot detain an alien pending removal for a period longer than reasonably necessary to accomplish the removal. *Zadvydas v. Davis*, 533 U.S. at 688-90. However, six months is a "presumptively reasonable period of time to allow the government to accomplish removal." *Id*. at 701. An alien may remain in detention beyond the usual removal period when "the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C); 8 C.F.R. § 241.4.

"[W]hen an alien refuses to cooperate fully and honestly with officials to secure travel documents from a foreign government, the alien cannot meet his or her burden to show there is no significant likelihood of removal in the reasonably foreseeable future." *Lema v. INS*, 341 F.3d 853, 856 (9th Cir. 2003). "*Zadvydas* does not save an alien who fails to provide requested documentation

3

to effectuate his removal." *Pelich v. INS*, 329 F.3d 1057, 1061 (9th Cir. 2003). He "cannot assert a viable constitutional claim when his indefinite detention is due to his failure to cooperate with the INS's efforts to remove him." *Id.*; *see also Powell v. Ashcroft*, 194 F. Supp. 2d 209, 210 (E.D.N.Y.2002) (repeated inconsistencies regarding alien's identity "demonstrably hampered the INS in carrying out his removal," and this frustration of deportation process by alien permitted extension of detention.).

Petitioner holds the keys to his cell in his own hands, and those keys are his full cooperation with authorities to obtain travel documents. *Pelich*, 329 F.3d at 1060. Petitioner could likely effectuate his own removal (and free himself from detention) by cooperating with the government to obtain the travel documents. *Id.* He was advised by ICE in writing of his obligation to apply for travel documents through the Decision to Continue Detention, but he failed to comply with the obligation in good faith. Dkt. 10, Ex. 18.[1] Specifically, Petitioner "willfully took action designed to prevent or hamper the removal by refusing to fill out a travel document application that is required for issuance of a travel document." *Id.* He also spoke to a representative of the Korean Consulate and specifically requested that a travel document not be issued on his behalf. *Id.* Petitioner's behavior places him within that class of aliens properly detained pursuant to 8 U.S.C. § 1231(a)(1)(C). Since Petitioner falls within the category of non-cooperative detainees, he cannot legitimately object to his continued detention when that very detention is caused by his own conduct. FED. R. CIV. P. 12(b)(6).

Given his lack of cooperation in effecting his removal, Petitioner is unable to show there is

---

[1] The court considers the evidence in Exhibit 18 submitted by the Respondent (Dkt. 10, Ex. 18) because Petitioner referred to the document in his complaint. *Tellabs*, *Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499 (2007) (noting that courts considering 12(b)(6) motions may "consider the complaint in its entirety, as well as other sources courts ordinarily examine, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *see* Dkt. 1.

4

no significant likelihood of removal in the reasonably foreseeable future.  *Lema*, 341 F.3d at 856. Therefore, because his indefinite detention is due to his failure to cooperate with the government's efforts to remove him, Petitioner does not state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).[2]

### III. CONCLUSION

Respondent's motion to dismiss (Dkt. 10) is hereby GRANTED as set forth in more detail above.

It is so ORDERED.

Signed at Houston, Texas on June 17, 2011.

_____
Gray H. Miller
United States District Judge

---

[2] Since the court finds that Petitioner failed to state a claim under the *Zadvydas* standard, there is no need to address the other grounds for dismissal asserted in Respondent's motion.